*E-Filed 8/24/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JASON DARN,

    Petitioner,

  v.

ANTHONY HEDGPETH, Warden,

    Respondent.

No. C 12-2029 RS (PR)

**ORDER DISMISSING PETITION WITH LEAVE TO AMEND**

## INTRODUCTION

Petitioner seeks federal habeas relief from his state convictions. The petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. The filing fee has been paid.

## BACKGROUND

According to the petition, in 2008, an Alameda County Superior Court jury convicted petitioner of murder. He received a sentence of life without the possibility of parole, plus another sentence of 25 years-to-life.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner alleges that (1) defense counsel rendered ineffective assistance; and (2) there is new evidence showing his innocence. Claim 1, when liberally construed, appears to be cognizable on federal habeas review. Claim 2, however, does not. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). "[S]uch evidence must bear upon the constitutionality of the applicant's detention; the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." *Townsend v. Sain*, 372 U.S. 293, 317 (1963). So, for this claim to be cognizable on federal habeas review, petitioner must show that an independent constitutional violation occurred in the underlying state criminal proceedings in regard to this evidence.

Accordingly, the petition is DISMISSED WITH LEAVE TO AMEND. Petitioner shall file an amended petition addressing the concerns detailed above within 30 days from the date this order is filed. The amended petition must include the caption and civil case number used in this order (12-2029 RS (PR)) and the words AMENDED PETITION on the first page. Because an amended petition completely replaces the previous petitions,

petitioner must include in his first amended petition all the claims he wishes to present, including the ineffective assistance of counsel claim found cognizable above. Petitioner may not incorporate material from the prior petition by reference. Failure to file an amended petition in accordance with this order will result in dismissal of this action with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: August 23, 2012

_____
RICHARD SEEBORG
United States District Judge