*E-Filed 2/4/14*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| JASON DARN, | No. C 12-2029 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| ANTHONY HEDGPETH, Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner seeks federal habeas relief from his state convictions. Respondent moves to dismiss as untimely the petition for such relief. Petitioner has not filed an opposition. For the reasons discussed herein, respondent's motion to dismiss (Docket No. 12) is GRANTED. The petition is DISMISSED.

## DISCUSSION

**A.   Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to every federal habeas petition filed on or after April 24, 1996, contains a statute of

limitations codified at 28 U.S.C. § 2244(d). Federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

**B.    Timeliness of the Petition**

On November 10, 2009, the state supreme court denied petitioner's petition for direct review of his convictions for murder and the unlawful possession of a firearm. His conviction became final 90 days later, on February 8, 2010, when the time had passed to file a petition for writ of certiorari to the United State Supreme Court. Petitioner, then, had until February 8, 2011, to file a timely federal habeas petition.

On April 23, 2012[1], petitioner filed his first federal habeas petition. It was dismissed with leave to file an amended petition. When petitioner failed to file by the deadline, the action was dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. On October 15th,[2] petitioner filed an amended petition and the action was

---

[1] Petitioner may be entitled to use the earlier date of April 21st, rather than the April 23rd date listed in the docket. If he put the petition in the prison mail the day he signed it (April 21, 2012), he is entitled to the earlier filing date under the prisoner mailbox rule. *See generally Houston v. Lack*, 487 U.S. 266, 276 (1988). Under either date, however, the petition was filed after the February 8, 2011 deadline.

[2] The petition is considered filed as of October 15th, rather than the date he signed the petition (September 20th). He is not entitled to the benefit of the earlier mailbox rule date because it is clear from the filing that it was not mailed by the prison, but by a private person.

reopened.

Even if one used the earlier date (April 21, 2012), the petition was filed well after the February 8, 2011 deadline. On this record, absent statutory or equitable tolling, the petition is barred by AEDPA's statute of limitations and must be dismissed.

### 1.    Statutory Tolling

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* § 2244(d)(2). On January 25, 2011, 351 days after his conviction became final, petitioner filed a habeas petition in the state superior court. Respondent concedes that petitioner is entitled to statutory tolling from that day until the state supreme court ruled on his last petition on April 18, 2012. The limitations period, as extended by section 2244(d)(2), expired 14 days later, on May 2, 2012.[3] The instant petition, however, was not filed until October 15, 2012 and is therefore untimely. His prior federal petition, which was filed before the May 2, 2012 deadline (that is, on April 23, 2012) cannot serve to toll the statute of limitations, as it was dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). A dismissal is treated for limitations purposes as if the action had never been filed, unless the Court expressly or implicitly retained jurisdiction. *Henry v. Lundgren*, 164 F.3d 1240, 1241 (9th Cir. 1999). Here, the order of dismissal (Docket No. 3) did not expressly or implicitly retain jurisdiction. A dismissal under 41(b) "operates as an adjudication on the merits," unless the order states otherwise, which the order of dismissal did not.

This action is not saved by statutory tolling. On this record, absent equitable tolling, the petition is barred by AEDPA's statute of limitations and must be dismissed.

### 2.    Equitable Tolling

Petitioner has not filed an opposition. Therefore, he has not shown "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

---

[3] Petitioner had delayed filing his first state habeas petition by 351 days. By May 2, 2012, 14 more untolled days had passed, bringing the number of untolled days to 365.

way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss the petition as untimely (Docket No. 12) is GRANTED. Accordingly, the action is DISMISSED with prejudice.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall enter judgment in favor of respondent, terminate Docket No. 12, and close the file.

**IT IS SO ORDERED**.

DATED: February 4, 2014

RICHARD SEEBORG
United States District Judge